## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| LENORD DAMISSE, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket No. 1:15-cv-199-NT |
| | ) |
| CAROL PAUL, et al., | ) |
| | ) |
| Defendants. | ) |

### ORDER ON DEFENDANTS' MOTION TO DISMISS

The Plaintiffs in this action are eight migrant workers of Haitian descent who traveled to Maine in 2009 to harvest blueberries. They assert claims under the Migrant and Seasonal Agricultural Worker Protection Act (the "**AWPA**"), 29 U.S.C. § 1801 *et seq.*, against those who employed, housed, and transported them in connection with their blueberry harvesting work. First Am. Compl. (ECF No. 3). The Defendants have filed a motion to dismiss the Plaintiffs' claims for non-pecuniary damages "such as humiliation, inconvenience, physical discomfort, emotional distress and mental suffering." Mot. to Dismiss (ECF No. 34). The Defendants maintain that such damages are not available under the AWPA. Mot. to Dismiss 1-2 (citing 29 U.S.C. § 1854(c)(1) & (d)(1)). The parties have suggested that the "recoverability of emotional distress damages is an important threshold issue in this case." Pls.' Request for Oral Arg. on Defs.' Mot. to Dismiss 2 (ECF No. 68).

I do not agree with the parties that resolving whether one of multiple types of damages will be available constitutes a "threshold issue." If the Defendants are correct that non-pecuniary damages are unavailable, the *claims* in this matter would

remain the same—only the amount of potential recovery would change. Picking off one type of relief requested when other types of relief remain available does not demonstrate a "failure to state a claim upon which relief can be granted," in Federal Rule of Civil Procedure 12(b)(6) terms. *See Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.*, 635 F.3d 1106, 1108-09 (8th Cir. 2011); *Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002); *Williams v. Cutler*, No. 1:14-cv-539-NT, at 16 n.14 (D. Me. Mar. 11, 2016); *Charles v. Front Royal Volunteer Fire & Rescue Dept., Inc.*, 21 F. Supp. 3d 620, 629 (W.D. Va. 2014); 5 Charles Allen Wright & Arthur R. Miller, *Fed. Prac. & Proced. Civ.* § 1255 Demand for Judgment—In General (3d ed. 2015); 5B Charles Allen Wright & Arthur R. Miller, *Fed. Prac. & Proced. Civ.* § 1357 Motions to Dismiss—Practice Under Rule 12(b)(6) (3d ed. 2015). I understand that the parties would like guidance on the issue of non-pecuniary damages to shape their discovery and have more informed settlement discussions, Report of Telephone Conference & Order 1 (ECF No. 72), but that desire for clarity does not overcome the limits of Rule 12(b)(6).

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendants' motion to dismiss (ECF No. 34) and **DENIES** the Plaintiffs' motion for oral argument (ECF No. 68).

SO ORDERED.

/s/ Nancy Torresen
United States Chief District Judge

Dated this 4th day of April, 2016.